UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 17-44453

EMMYLOU GILLEN, *pro se*,                           Chapter 7
and
DONALD LAMAR HARRIS, *pro se*,                      Judge Thomas J. Tucker

        Debtors.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

      This case is before the Court on the Debtors' motion entitled "Motion to Reinstate," filed April 14, 2017 (Docket # 20, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the April 5, 2017 Order dismissing this case (Docket # 17).

      The Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

      The Court also finds that the allegations in the Motion do not establish excusable neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, or any other valid ground for relief from the order dismissing this case.

      In addition, the Motion must be denied, because this case cannot be reinstated for the following reason: the Debtors are not eligible to be debtors in this case under 11 U.S.C. § 109(h)(1). This is so for the following reasons.

      On March 28, 2017, the Debtors each filed a "Certificate of Counseling" (Docket # 1 at pdf pp. 9 and 10), which states that on ***August 7, 2014***, the Debtor received "an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111."

      The Debtors are not eligible to be debtors in this case under 11 U.S.C. § 109(h)(1). That section provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, **during the 180-day period ending on the date of filing the petition by such individual**, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(Emphasis added).

Neither of the Debtors received the required credit counseling briefing *during the 180-day period ending on the date of the filing of the petition*. Rather, the Debtors each received the credit counseling briefing *more than 32 months* prior to the date on which the petition was filed. For this reason, neither of the Debtors is not eligible to be a debtor in this case.

NOW, THEREFORE,

IT IS ORDERED that the Motion is denied.

**Signed on April 18, 2017**                                  /s/ Thomas J. Tucker
                                                              **Thomas J. Tucker**
                                                              **United States Bankruptcy Judge**